IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

SHELDA HARRIS BANNON, as
parent and natural guardian of her daughters,
SHARAH HARRIS and BRITTNI HARRIS,

      Plaintiffs,

vs.

THE SCHOOL DISTRICT OF
PALM BEACH COUNTY, a body corporate,
ED HARRIS, individually and in his capacity as principal of
BOCA RATON COMMUNITY HIGH SCHOOL, and
JOE SABIA, individually and in his capacity as Girl's
Basketball Coach of BOCA RATON COMMUNITY HIGH SCHOOL,

      Defendants.
_____/

CIVIL CASE NO.
CIV-MIDDLEBROOKS
MAGISTRATE JUDGE VITUNAC



02-80438

## COMPLAINT

SHELDA HARRIS BANNON, as parent and natural guardian for her daughters, SHARAH HARRIS and BRITTNI HARRIS, minors Plaintiffs, hereby file this Complaint against THE SCHOOL DISTRICT OF PALM BEACH COUNTY, a body corporate, ED HARRIS, individually and in his capacity as principal of BOCA RATON COMMUNITY HIGH SCHOOL, and JOE SABIA, individually and in his capacity as Girl's Basketball Coach of BOCA RATON COMMUNITY HIGH SCHOOL for violations of rights secured by the United States and Florida constitutions and allege:

## I. PARTIES

1. SHELDA HARRIS BANNON, for her daughters, SHARAH HARRIS and BRITTNI HARRIS, (herein "Plaintiffs") are natural persons who presently and at all times material hereto reside in Boca Raton, Florida.

2. Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY, is a body corporate and a duly appointed agency of Palm Beach County, a governmental subdivision of the State of Florida. The SCHOOL DISTRICT OF PALM BEACH COUNTY (herein "DISTRICT") is the governmental subdivision or agency of Palm Beach County, Florida having control and oversight of the primary and secondary educational functions of the county, including but not limited to Boca Raton High School, at the time of the events giving rise to the claims alleged herein.

3. Defendant ED HARRIS in his capacity as principal of Boca Raton High School and the DISTRICT have conducted themselves in such a manner to substantially contribute to or cause, in part or in whole, the deprivation of rights, breaches of contract and/or wrongs alleged herein for which Plaintiffs claim relief.

4. Defendant JOE SABIA in his capacity as Girl's Basketball Coach of BOCA RATON COMMUNITY HIGH SCHOOL and the DISTRICT have conducted themselves in such a manner to substantially contribute to or cause, in part or in whole, the deprivation of rights, breaches of contract and/or wrongs alleged herein for which Plaintiffs claim relief.

## II. JURISDICTION, VENUE, AND DEMAND FOR JURY TRIAL

5. This action is brought to remedy discrimination on the basis of religion. Jurisdiction of the subject matter of this action is established in this court under 28 U.S.C. Sec. 1331 and 1343 (4) insofar as the causes of action arise under the Constitution, statutes and common law of the United States, including the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§1983 and 1988, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., or are pendant claims thereto brought under the constitution and laws of the State of Florida.

6. Venue is proper in this Court because, at the time of the acts alleged herein giving rise to the Plaintiffs' claims, Plaintiffs and Defendants were residents of or governmental agencies, employees and/or agents of governmental subdivisions of the State of Florida, and because each of the unlawful acts alleged herein were committed within this Court's judicial district. Furthermore, Plaintiffs demand trial by jury of all issues so triable.

## III. NATURE OF SUIT

7. This is an action for injunctive relief, monetary damages and for attorneys' fees and costs arising out of the wrongful actions taken by Defendants to exercise prior restraint and censorship against the lawful speech and views held by Plaintiffs solely on the basis of the religious nature of said speech and views, in violation of the minor Plaintiff's right of free speech, free exercise of religion, and equal protection of the laws as guaranteed by the First and Fourteenth Amendments of the United States Constitution, and Article I, §§2, 3, and 4 of the Constitution of the State of Florida, for which actions Plaintiffs seek injunctive relief

precluding Defendants from engaging in said prior restraint, compensatory damages and attorneys' fees and costs.

## IV. FACTUAL BACKGROUND:

### CLAIM ON BEHALF OF SHARAH HARRIS:

8. Plaintiff is the mother and guardian of Sharah Harris, a student of the twelfth grade at Boca Raton Community High School, in Boca Raton, Florida, and mother and guardian of Brittni Harris, a student of the 11th grade at Boca Raton Community High School in Boca Raton, Florida.

9. During the month of January or early February 2002 as part of a student government project Sharah, along with the rest of the students in her class, were asked to paint murals that would be placed on the school grounds to beautify barriers preventing students from walking into a construction area on the school's grounds. Each student was to provide their own mural; the only instruction given as to the content of the murals was that it could be the student's own expression.

10. Sharah Harris, along with other members of a club known as the Fellowship of Christian Athletes, chose a religious subject which contained a verse from the Bible and the words "God Loves You...What part of 'Thou Shall Not' Didn't You Understand? God." Also inserted in the mural with the sun as a background was a cross. The word "Jesus" was also included on the mural.

11. Shortly after the mural was painted Defendant, Ed Harris pulled Sharah out of class and instructed to her to paint over all religious symbols and language contained in the mural;

none of the other FCA students were singled out.

12. In obedience to the directions of school officials, Sharah was required to paint over her and the other students' expressions of religious faith.

13. Plaintiff, Shelda Harris Bannon, informed the school that this restriction of religious expression was unacceptable, as well as the humiliation and public ridicule Sharah endured for her beliefs and expressions of them.

14. Defendants refused to relent from their unlawful conduct and persist to this day under the rationale that religious expression by one student might "offend" or make another student uncomfortable.

15. The actions taken by other unnamed Boca Raton Community High School employees or agents to carry out the school's actions, as alleged herein above, were taken under color of state law and with the actual, constructive, or imputed knowledge the named Defendants, including Defendant DISTRICT pursuant to a policy or custom of Defendant School District, and in furtherance thereof, the acts of Defendant Harris were taken with intentional or reckless disregard of Plaintiffs' clearly established rights to free speech or equal protection and religious exercise., and/or with its express or implied ratification.

16. Defendants' actions, as stated hereinabove, have caused Plaintiffs substantial losses, including without limitation, loss of her constitutional and civil rights including the rights of free speech, exercise of religion and equal protection of the laws, and emotional and mental distress, for which Plaintiffs make federal and state claims as set forth hereinbelow.

CLAIM ON BEHALF OF BRITTNI HARRIS:

17. Plaintiff Brittni Harris was a member of the Boca Raton Community High School girl's

basketball team during the 2001-2002 season. Before the season and during the course of the season, Brittni and other members of the Boca Raton High School basketball team were subjected to repeated verbal sexual harassment and intimidation by Defendant Joe Sabia.

18. Defendant Sabia had, and still maintains, a practice of screaming obscenities at team members, often within extremely close proximity to their faces. Sabia also has a practice of engaging in intimidating and aggressive conduct directed toward team members. This behavior was directed toward Plaintiff and others because of their sex. Sabia's behavior created a severe and pervasive hostile educational environment for Brittni and other members of the team, directly and proximately causing Bretni significantly decreased Brittni's chances of obtaining a college basketball scholarship and substantially limited her educational opportunities at the post-secondary level.

19. Defendant SCHOOL DISTRICT OF PALM BEACH COUNTY had actual notice of Defendant Savia's behavior, by and through its employees and agents, including but not limited to Defendant Harris. Mr. and Mrs. Bannon and other parents complained repeatedly to school authorities, including to Principal Harris, but, upon information and belief, no disciplinary action has been taken against Sabia to date.

20. The actions and omissions of Defendants violated Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., entitling Plaintiffs to compensatory and punitive damages and attorney's fees, and such other and further relier as the Court shall deem necessary and appropriate.

21. The actions and omissions of Defendants violated Plaintiff's right to equal protection of the law pursuant as guaranteed by the Fourteenth Amendment to the United States Constitution

and Article I, Sec. 2 of the Florida Constitution, entitling Plaintiffs to compensatory and, as to Defendants Sabia and Harris, punitive damages, as well as attorneys' fees and such other and further relief as the Court shall deem necessary and appropriate.

## COUNT I:  DEPRIVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983

22. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 21 above.

23. The acts and omissions of Defendants as plead herein deprived Plaintiffs of their rights under the United States Constitution, Amendments I and IV, and the Florida Constitution, Article I, §§ 2,3,and 4 of free exercise of religion, free speech, and the equal protection of the laws. Pursuant to 42 U.S.C. §1983, Plaintiffs hereby seek and sue for damages from Defendants for their violations of these rights. Plaintiffs are entitled to recover their actual damages resulting from Defendants' joint and individual violations of these rights. Plaintiffs also seek an award of their reasonable costs and attorney fees incurred herein pursuant to 42 U.S.C. §1988.

## COUNT II:  DEPRIVATIONS OF RIGHTS SECURED BY ART. I, §3, OF THE FLORIDA STATE CONSTITUTION (FREEDOM OF RELIGION)

24. Plaintiffs re-allege and incorporate herein the allegations set forth in paragraphs 1 through 23 above.

25. The Constitution of the State of Florida provides, at Article I, § 3, that "[t]he free exercise and enjoyment of religious profession and worship, without discrimination, shall forever

hereafter be guaranteed; and no person shall be denied any civil or political right, privilege or capacity, on account of his opinions concerning religion." By discriminating against the religious views held and espoused by Plaintiffs, and exercising prior restraint against the expression of said religious views, Defendants have jointly and individually violated Plaintiffs rights under Article I, § 3. Plaintiffs hereby seek and sue for damages from Defendants for their violations of these rights.

### COUNT III: PUNITIVE DAMAGES

26. Plaintiffs reallege and incorporate herein the allegations set forth in paragraphs 1 through 25 above.

27. Additionally and in the alternative, the unlawful acts of Defendants DISTRICT, Harris and Sabia described above were carried out in such a willful, wanton, grossly negligent and/or malicious fashion, that punitive damages sufficient to deter said Defendants and others like them from engaging in such lawless acts in the future are required, for which Plaintiffs hereby sue.

### COUNT IV: INJUNCTIVE RELIEF

28. Plaintiffs re-allege and incorporate herein the allegations set forth in paragraphs 1 through 27 above.

29. In addition to the causes of action set forth hereinabove, Plaintiffs pray for injunctive relief as follows:

   1. A declaration that the actions taken by Defendants THE SCHOOL DISTRICT OF

PALM BEACH COUNTY, a body corporate, ED HARRIS, and JOE SABIA in their capacity as principal of BOCA RATON COMMUNITY HIGH SCHOOL and GIRL'S BASKETBALL COACH OF BOCA RATON COMMUNITY HIGH SCHOOL were unlawful and in derogation of Plaintiffs' constitutional rights under the United States and Florida State constitutions; and

2. An order directing Defendants THE SCHOOL DISTRICT OF PALM BEACH COUNTY, a body corporate, and ED HARRIS in his capacity as principal of BOCA RATON COMMUNITY HIGH SCHOOL to immediately cease and desist from exercising any prior restraint over the content or viewpoints sought to be expressed by Plaintiffs on the murals designated for such purposes by Defendants, allow the minor Plaintiff to re-paint those parts of the mural she was required to cover, and to refrain from taking any further acts discriminatory of Plaintiffs' religious beliefs and viewpoints or retaliatory of the lawful actions taken by Plaintiffs to secure said rights.

3. An order directing Defendants THE SCHOOL DISTRICT OF PALM BEACH COUNTY, a body corporate, and JOE SABIA in his capacity as girl's basketball coach of BOCA RATON COMMUNITY HIGH SCHOOL to approve a transfer of BRITTNI HARRIS to another school allowing her to pursue her athletic scholarships, or dismiss JOE SABIA as the girl's basketball coach at BOCA RATON COMMUNITY HIGH SCHOOL in order for her to return to that program.

## COUNT V: ATTORNEYS' FEES

30. Plaintiffs re-allege and incorporate herein the allegations set forth in paragraphs 1 through 29 above.

31. Plaintiffs seek attorneys' fees pursuant to Florida Statute 760.10 and 18 U.S.C. §1988 and other applicable statutes.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and severally, for all of their actual damages, for punitive damages against Defendants Harris, Sabia, and the DISTRICT in a lawful amount sufficient to deter said Defendants and others similarly situated from engaging in the unlawful acts described above, for attorneys' fees and costs of court and for all other just relief.

> SOLMS & PRICE, P.A.
> 6701 Sunset Drive, Suite 104
> Miami, Florida 33143
> Telephone Number: 305-662-2272
> Fax: 305-667-3975
>
> _____
> WILLIAM O. SOLMS, JR
> Florida Bar No. 185970
>
> OF COUNSEL:
> STEVEN H. ADEN, ESQ.
> THE RUTHERFORD INSTITUTE
> P.O. Box 7482
> Charlottesville, VA 22901
> Tel.: (434) 978-3888
> Fax: (434) 978-1789

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**02-80438**

## I. (a) PLAINTIFFS
SHELDA H. BANNON as parent and natural guardian for her daughters, SHARAH HARRIS and BRITTNI HARRIS

## DEFENDANTS
THE SCHOOL DISTRICT OF PALM BEACH COUNTY, a body corporate, ED HARRIS, individually and is his capacity as principal of BOCA RATON COMMUNITY H.S., and JOE SABIA, individually and as Girl's Basketball Coach BRCHS.

(b) County of Residence of First    Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**CIV-MIDDLEBROOKS**

Per Atty
WPB 02CV80438/pmn/Vitunac

(c) Attorney's (Firm Name, Address, and Telephone Number)
William O. Solms
Solms & Price, P.A.
6701 Sunset Drive
Suite 104
Miami, Florida 33143

Attorneys (If Known)

**MAGISTRATE JUDGE VITUNAC**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**NIGHT BOX FILED MAY 13 2002**

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | X 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Count I - 42 USC § 1983; Count II - Artice I §3 State of Florida Constitution-; Count III Punitive Damages; Count IV Injunctive Relief, also Title IX 20 USC §1681; Count V Attorneys Fees.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT ____  AMOUN ____  APPLYING IFP ____  JUDGE $150  MAG. JUDGE 862678

05/13/02